IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                    4:16-CR-00202-JM
                                       4:20-CV-00200-JM

JOSE BALTAZAR-ORTUNO

## ORDER

For the reasons set out below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 348) is DENIED.[1]

I.   BACKGROUND

On September 4, 2018, Petitioner pled guilty to conspiracy to possess with intent to distribute methamphetamine and cocaine.[2]  On August 13, 2019, he was sentenced to 118 months in prison.[3]  Petitioner did not appeal his sentence.

Petitioner asserts claims for ineffective assistance counsel, because (1) he received more time than his co-defendant; (2) his lawyer did not appeal the sentence; (3) he did not receive a safety valve reduction; (4) the cooperation reduction was less than he expected; and (5) his lawyer told him he would recieve a 60-month sentence.

II.  DISCUSSION

---

[1] The government filed a response to Petitioner's motion and Petitioner has filed a reply. Additionally, a hearing was held on June 17, 2021.

[2] Doc. Nos. 221, 222.

[3] Doc. Nos. 328, 332.

1

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his lawyer's performance fell below an objective standard of reasonableness.[4] He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[5] Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[6] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[7]

If Petitioner establishes deficient performance by counsel, he still must establish prejudice.[8] This requires Petitioner to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[9]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.

**A.  Deficient Performance**

　　**1.  Length of Sentence**

---

[4] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[5] *Strickland*, 466 U.S. at 690.

[6] *Id.*

[7] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[8] *Strickland*, 466 U.S. at 694.

[9] *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

According to Petitioner, he told his lawyer that his co-defendant owned the drugs, but the co-defendant received a 48-month sentence while Petitioner received 118-month sentence. To the extent that this is a collateral attack on Petitioner's 118-month sentence, he waived any such argument in his plea agreement.[10] To the extent that Petitioner is now claiming that the drugs were not his and he is less culpable than a co-defendant, this argument is contradicted by the record. According to the plea facts and the presentence report (Petitioner objected to the contents of neither), Petitioner was the leader of a drug distribution conspiracy and was responsible for between 500 grams and 1.5 kilograms of methamphetamine actual. Any attempt to minimize his role now through a § 2255 petition is without merit. Furthermore, when Petitioner was asked if there was anything about the sentence that violated some agreement he might have had, he said no.[11]

### 2. Safety Valve

Petitioner argues that his lawyer performed deficiently because Petitioner did not get a safety-valve reduction. However, Petitioner did not qualify for the safety valve. Petitioner had both a prior 3-point offense conviction and was a leader/organizer. Either of these would disqualify Petitioner from receiving the safety valve reduction.[12] A lawyer's "failure to advance a meritless argument cannot constitute ineffective assistance of counsel."[13]

### 3. Cooperation

---

[10]Doc. No. 222.

[11]August 13, 2019 Sentencing Transcript.

[12]See 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2.

[13]*Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir.1994).

Petitioner's assertion that his lawyer failed to get him a reduction for cooperation is unsupported by the record. At the sentencing hearing, the Prosecution requested, and Petitioner received, a 30% reduction from the low end of the guideline range.

To the extent that Petitioner is arguing that his lawyer performed deficiently in failing to get a larger reduction, the claim is without merit. Petitioner's plea addendum explicitly provides that a request for a sentence reduction and the amount of the reduction rest "in the sole and absolute discretion of the United. States."[14]

### 4. Lawyer's Sentence Prediction

Petitioner assert that he received ineffective assistance of counsel because his lawyer told him he would be sentenced to 60 months. A lawyer's incorrect sentence prediction is insufficient to establish deficient performance.[15] Additionally, as stated earlier, when the Court asked Petitioner if there was anything about the sentence that violated some agreement he might have had, he said no.[16]

### B. Prejudice After a Guilty Plea

Assuming there was deficient performance (there was not), Petitioner cannot establish prejudice. "Where the conviction was entered on the basis of a guilty plea . . . the convicted

---

[14] Doc. No. 223.

[15] *United States v. Nesgoda*, 559 F.3d 867, 770 n.2 (8th Cir. 2009) ("Counsel's incorrect estimate of a sentencing range was not ineffective assistance of counsel.") (citing *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994)); *United States v. Sweeney*, 878 F.2d 68, 70 (8th Cir.1989) (district court affirmed where counsel predicted U.S.S.G. range of 21–27 months, but court found range of 51–63 months and sentenced defendant to 57 months).

[16] August 13, 2019 Sentencing Transcript.

defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[17]

Petitioner has not asserted that he would not have pleaded guilty, but for his lawyer's alleged errors. Rather, he alleges that his lawyer incorrectly predicted how much time he was facing and he is unhappy with his sentence. A review of the record reveals that Petitioner either knew or should have known that he was facing more than five years in prison.

First, the statutory penalty for Petitioner's conviction was not less than ten years. Second, at the plea hearing, Petitioner informed the Court that he had read the plea agreement, understood it fully, and had talked to his lawyer about it.[18] The plea agreement set out that the parties were stipulating to a total offense level 34 and a 2-point enhancement for his role in the offense. With a 3-point reduction for acceptance, he'd have a total offense level of 33. In a best case scenario (which assumes a criminal history category of I), Petitioner's guideline range was 135 to 168 months. He was also advised that if his guideline range turned out higher than he expected, he would not be able to withdraw his guilty plea.[19] After reading the plea agreement himself and discussing the stipulations on the record, Petitioner still wanted to plead guilty. At no point did he indicate that he thought he would get only five years in prison.

The same is true at sentencing. In that hearing, Petitioner advised the Court that he was satisfied with his lawyer and did not want to withdraw his guilty plea.[20] He also indicated that he

---

[17]*Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[18]September 4, 2018 Plea Transcript.

[19]*Id.*

[20]August 13, 2019 Sentencing Transcript.

had read the presentence report, discussed it with his lawyer, and did not believe that any objections should be made to the presentence report.[21] The presentence report set out a guideline range which was well over five years. So, to the extent that Petitioner is arguing that he would not have pled guilty if he had known he was facing more than five years in prison, the argument is contradicted by the record.

Based on the record, Petitioner's lawyer was not deficient, and even if he was, Petitioner cannot establish prejudice. Petitioner has presented no evidence or credible argument that there was a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

### C. Failure to Appeal

An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required."[22] This is true even when there is an appeal waiver in a plea agreement.[23] Still, "the petitioner must show that he made his desire to appeal evident to his attorney, and a bare assertion by the petitioner that he made the request is not by itself sufficient evidence if the factfinder finds more credible evidence that indicates to the contrary."[24] In this case, Petitioner asserts only that his lawyer "told [him] not to appeal" and that his lawyer "never filed [his] appeal."[25] Yet, later, Petitioner says that counsel was "supposed to file this appeal."[26] Petitioner was advised and confirmed that

---

[21]*Id.*

[22]*U.S. v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014).

[23]*Id.*

[24]*Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002).

[25]Doc. No. 348.

[26]*Id.*

he understood that an appeal must be filed within 14 days. Petitioner does not assert that he expressly directed his lawyer to file an appeal. During the evidentiary hearing on the petition, Petitioner's trial counsel denies ever being asked to file a notice of appeal. It is inherently improbable that Petitioner would wait six months to bring up the issue of an appeal if he had actually directed his lawyer to appeal his sentence. I find that Petitioner never asked his counsel to appeal.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 348) is DENIED.

IT IS SO ORDERED this 27th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE